1     UNITED STATES DISTRICT COURT
2     DISTRICT OF PUERTO RICO

3   JULIO PEREZ-RUIZ,

4
5       Petitioner,                    Civil No. 06-1163 (JAF)

6       v.                             (Crim. No. 00-0048)

7   UNITED STATES OF AMERICA,

8       Respondent.

9                          **OPINION AND ORDER**

10        This court resentenced Julio Pérez-Ruiz ("Petitioner"), on

11   May 20, 2004, to 235 months imprisonment for violations of 21 U.S.C.

12   §§ 841 & 846 (1999), during his involvement in a narcotics

13   conspiracy.  Cr. Case No. 00-048, Docket Document No. 880.  The

14   United States Court of Appeals for the First Circuit has affirmed

15   Petitioner's conviction, United States v. Perez-Ruiz ("Perez-Ruiz

16   I"), 353 F.3d 1, 6 (1st Cir. 2003), and his resentencing.  United

17   States v. Perez-Ruiz ("Perez-Ruiz II"), 421 F.3d 11 (1st Cir. 2005).

18        Pursuant to 28 U.S.C. § 2255 (1994 & Supp. 2005), Petitioner now

19   files for post-conviction relief. Docket Document No. 1.

20                                I.

21                        **Procedural History**

22        The procedural history and underlying details of the present

23   case have been enunciated in the First Circuit's handling of

24   Petitioner's previous two appeals, and we, therefore, keep our

25   recitation of the facts brief. Perez-Ruiz I, 353 F.3d 1; Perez-Ruiz

1    II, 421 F.3d 11.  In June 2000, Petitioner was indicted by a grand

2    jury for conspiring to distribute heroin, cocaine, and cocaine base

3    in violation of 21 U.S.C. § 846,   Cr. Case No. 00-048, Docket

4    Document Nos. 2, 5, and was found guilty by jury trial on July 26,

5    2001.  Cr. Case No. 00-048, Docket Document No. 676.  On March 18,

6    2002, citing 21 U.S.C. § 841(b)(1)(A) as the relevant penalty

7    provision, and applying the murder cross-reference of U.S. Sentencing

8    Guidelines Manual § 2D.1(d)(1), this court sentenced Petitioner to

9    life imprisonment. Cr. Case No. 00-048, Docket Document No. 772.

10   Section 841(b)(1)(A) provides the sentencing range for § 841

11   convictions when the drug quantities involved are in excess of

12   certain thresholds. 21 U.S.C. § 841(b)(1)(A).

13       On appeal, the First Circuit affirmed Petitioner's conviction,

14   but found that this court had erred, pursuant to Apprendi v. New

15   Jersey, 530 U.S. 466, 490 (U.S. 2000), in applying § 841(b)(1)(A)

16   without the jury having made specific findings regarding drug

17   quantity.  Perez-Ruiz I, 353 F.3d at 15-17.  The First Circuit

18   remanded the case for resentencing, noting that the default statutory

19   maximum applicable was twenty years as derived from 21 U.S.C.

20   § 641(b)(1)(c).  Id. at 15 (citing United States v. LaFreniere, 236

21   F.3d 41, 49 (1st Cir. 2001)).

22       On May 20, 2004, this court resentenced petitioner to 235 months

23   imprisonment. Cr. Case No. 00-048, Docket Document No. 880.

24   Petitioner appealed, and the First Circuit affirmed the judgment on

Civil No. 06-1163 (JAF)                                          -3-

1    August 26, 2005.  <u>Perez-Ruiz II</u>, 421 F.3d 11.  Petitioner filed the

2    present § 2255 motion on February 9, 2006, <u>Docket Document No. 1</u>,

3    later resubmitting the motion to correct a procedural technicality.

4    <u>Docket Document No. 8.</u>  The Government responded in opposition on

5    March 30, 2006. <u>Docket Document No. 12</u>.

6                                    **II.**

7              **<u>Framework and Relief Under Section 2255</u>**

8         A federal district court has jurisdiction to entertain a § 2255

9    motion only where the petitioner is currently in custody under the

10   sentence of a federal court. <u>See</u> 28 U.S.C. § 2255.  Section 2255

11   provides four grounds under which a federal prisoner who seeks to

12   challenge the imposition or length of his sentence may seek relief.

13   <u>Id.</u>  A petitioner may argue that: (1) the court imposed the sentence

14   in violation of the Constitution or laws of the United States;

15   (2) the court was without jurisdiction to impose such a sentence;

16   (3) the sentence was in excess of the maximum time authorized by law;

17   and/or (4) the sentence is otherwise subject to collateral attack.

18   <u>See id.</u>  Should a court find any of these errors, it "shall vacate

19   and set the judgment aside and shall discharge the prisoner or

20   resentence him or grant a new trial or correct the sentence as may

21   appear appropriate." <u>Id.</u>  Claims that do not allege constitutional or

22   jurisdictional errors may be brought under § 2255 only if the claimed

23   error would result in a complete miscarriage of justice. <u>See</u> <u>Knight</u>

24   <u>v. United States</u>, 37 F.3d 769, 772 (1st Cir. 1994) (citing <u>Hill v.</u>

Civil No. 06-1163 (JAF)                                                      -4-

1    <u>United States</u>, 368 U.S. 424, 428 (1962)).  Section 2255 "does not

2    grant  jurisdiction  over  a  post-conviction  claim  attacking  the

3    execution, rather than the imposition or illegality of the sentence."

4    <u>United States v. DiRusso</u>, 535 F.2d 673, 674 (1st Cir. 1976).

5        A petitioner seeking relief under § 2255 also must demonstrate,

6    by a preponderance of the evidence, an entitlement to relief or a

7    hearing.  <u>See</u> <u>Barrett v. United States</u>, 965 F.2d 1184, 1186 (1st Cir.

8    1992).  Summary dismissal of a § 2255 petition is appropriate when

9    the motion "(1) is inadequate on its face, or (2) although facially

10   adequate,  is  conclusively  refuted  as  to  the  alleged  facts  by  the

11   files and records of the case." <u>United States v. DiCarlo</u>, 575 F.2d

12   952, 954 (1st Cir. 1978) (quoting <u>Moran v. Hogan</u>, 494 F.2d 1220, 1222

13   (1st Cir. 1974)).  When claims are based on facts with which the

14   district court is familiar, "the court may make findings without an

15   additional hearing, and, as in the case for findings of the trial

16   court  generally,  those  findings  will  not  be  overturned  unless  they

17   are clearly erroneous." <u>DiCarlo</u>, 575 F.2d at 954-55.

18                                    **III.**

19                                 **<u>Discussion</u>**

20       In  support  of  his  §  2255  petition,  Petitioner  argues  that:

21   (1) at resentencing, the court violated his right to due process when

22   it made erroneous factual findings relating to his crime as to drug

23   type, drug quantity, firearm possession, and leadership role; (2) the

24   court considered false and unreliable information during his original

Civil No. 06-1163 (JAF)                                              -5-

1    and resentencing hearings; (3) the court's failure to submit drug

2    type and quantity determinations to the jury was a form of structural

3    error under United States v. Booker, 543 U.S. 220 (2005); and (4) his

4    counsel's failure to argue the preceding points on appeal amounts to

5    ineffective assistance of counsel.  Docket Document No. 1.

6         Some of Petitioner's arguments have already been presented to,

7    and rejected by, the First Circuit on direct appeal.  The First

8    Circuit disposed of nearly all of Petitioner's first argument, with

9    the exception of the firearm possession question.  Perez-Ruiz II, 421

10   F.3d at 15-16 (holding that the findings about drug type, quantity,

11   and leadership role were supported).  The First Circuit has also

12   disposed of Petitioner's Booker claim and his assertion that such

13   errors are structural in nature.[1]  Perez-Ruiz I, 353 F.3d at 17;

14   Perez-Ruiz II, 421 F.3d at 17.

15        Because issues resolved by prior appeal will not be reviewed

16   again by way of a § 2255 motion, we must dismiss Petitioner's first

17   (with the exception of the firearm possession question) and third

18   arguments.  Murchu v. United States, 926 F.2d 50, 55 (1st Cir. 1991).

19   We move forward to Petitioner's surviving arguments.

20   **A.   Gun Possession**

---

[1] We note that the recent Supreme Court opinion in Washington v. Recuenco, referenced by Petitioner in his § 2255 motion, confirms the First Circuit's position that failure to submit a sentencing factor to the jury, such as drug type and quantity, is not a form of structural error.  2006 U.S. LEXIS 5164 (U.S. 2006).

1     Petitioner argues that at sentencing, the court erred when
2    applying a two-point sentencing enhancement without noting a specific
3    time or incident where Petitioner possessed a firearm during the
4    conspiracy. Docket Document No. 1.

5     Although Petitioner asserts that the misapplication of the
6    sentencing guidelines violated his due process rights, it has long
7    been held that such errors are non-constitutional in nature. Mateo
8    v. United States, 398 F.3d 126, 136 (1st Cir. 2005) (treating
9    misapplication of sentencing guidelines as a non-constitutional
10    claim); Cofske v. United States, 290 F.3d 437, 441 (1st Cir. 2002)
11    ("a guideline violation alone is not automatically a basis for relief
12    under 28 U.S.C. § 2255"). Collateral attack for claims outside the
13    constitutional or jurisdictional context are cognizable "only where
14    the alleged error presents 'a fundamental defect which inherently
15    results in a complete miscarriage of justice' or 'an omission
16    inconsistent with the rudimentary demands of fair procedure.'"
17    Cofske, 290 F.3d at 441 (citing Hill v. United States, 368 U.S. 424
18    (1962)).

19     Under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1), a judge
20    can increase an offense level by two points if a dangerous weapon,
21    including a firearm, was possessed. This enhancement applies if a
22    weapon was present, unless it is clearly improbable that the weapon
23    was connected with the charged offense. U.S. Sentencing Guidelines Manual
24    § 2D1.1(b)(1), comment, (n.3); United States v. McDonald, 121 F.3d 7,

Civil No. 06-1163 (JAF)                                           -7-

1    10 (1st Cir. 1997). In a conspiracy case, such as this one, the

2    prosecution must show that either the defendant or his co-

3    conspirators possessed a weapon during the offense. United States v.

4    Nelson-Rodriguez, 319 F.3d 12, 59 (1st Cir. 2003) (citing McDonald,

5    121 F.3d at 10). Once the prosecution makes such a showing, the

6    defendant then bears the burden to establish that a connection

7    between the weapon and the crime was clearly improbable. Id.

8        Included among the evidence of firearm possession presented at

9    Petitioner's trial was the testimony of a police officer who, during

10   a traffic stop of Petitioner's vehicle in April 1996, witnessed an

11   object, later discovered to be a firearm, being thrown from the car.

12   Cr. Case No. 00-048, Docket Document No. 905, p. 4. At resentencing,

13   Petitioner's counsel argued that this incident was not grounds for

14   applying the two-point sentencing enhancement as it did not have any

15   ties to the drug charges for which Petitioner was convicted. Id.

16       The government argued that in addition to the April 1996

17   incident, it could be inferred by a preponderance of the evidence

18   that Petitioner had possessed a firearm during 1997 while he was the

19   owner of a drug point. Id. at 9. The undersigned agreed, and noted

20   that additional evidence in the record showed that Petitioner's co-

21   conspirators had also used firearms in the administration of the drug

22   point. Id. at 9-10. While Petitioner arguably met the burden of

23   persuading the court that a connection between the April 1996

24   incident and the administration of the drug point was clearly

Civil No. 06-1163 (JAF)                                          -8-

1    improbable, McDonald, 121 F.3d at 10, he failed to meet this burden

2    as  to  the  evidence  relating  to  his  co-conspirators' firearm

3    possession.   Consequently,  pursuant  to  §  2D1.1(b)(1)  of  the

4    sentencing guidelines, this court correctly found that Petitioner was

5    eligible for the two-point enhancement.

6         No error occurred in the application of the firearm sentencing

7    enhancement, let alone one so fundamental that it resulted in a

8    'miscarriage of justice.'  Cofske, 290 F.3d at 441.  We, therefore,

9    reject Petitioner's claim on the grounds that it is not cognizable

10   under § 2255.

11   B.   **False and Unreliable Evidence**

12        Petitioner next claims that this court erred in basing its

13   factual findings at sentencing upon false and unreliable evidence.

14   Docket Document No. 1.  Specifically, Petitioner claims that the

15   testimony of two prosecution witnesses, Joel Irizarry Rosario and

16   Frankie Pietri Sepúlveda, should have been disregarded by this court

17   as Petitioner had no association or involvement with either party.

18   Id.  Petitioner claims that this court failed to resolve the dispute

19   between his version of events and that submitted in the presentence

20   investigation report ("PSI report").  Id.

21        A district court has a duty to base sentencing judgments upon

22   reliable and accurate information and must consider all available

23   evidence, including evidence that conflicts with what has been

24   adduced at trial.  United States v. Tavano, 12 F.3d 301, 305 (1st

1    Cir. 1993). This duty is derived from the Due Process Clause, "which

2    guarantees every defendant a right to be sentenced upon information

3    which is not false or materially incorrect." Id. Pursuant to

4    Federal Rule of Criminal Procedure 32(i)(3)(B), at sentencing, a

5    court must rule on any disputed portion of the PSI report or

6    determine that such a ruling is unnecessary. FED. R. CRIM. P.

7    32(i)(3)(B).

8         The U.S. Probation Office prepared and filed a PSI report on

9    November 8, 2001, Cr. Case No. 00-048, Docket Document No. 723, to

10   which Petitioner filed an objection on December 19, 2001. Cr. Case

11   No. 00-048, Docket Document No. 735. After the First Circuit's

12   remand of the case for resentencing, Petitioner filed another

13   objection to the PSI report, Cr. Case No. 00-048, Docket Document No.

14   873, to which the government replied on March 20, 2004. Cr. Case No.

15   00-048, Docket Document No. 875. Petitioner's objections stated that

16   the evidence did not support application of the cross-reference for

17   first-degree murder, noting that the only evidence for this was the

18   testimony of Irizarry, and arguing that his testimony was unreliable.

19    Cr. Case No. 00-048, Docket Document No. 873. Petitioner further

20   argued that the PSI report failed to make any calculation based on

21   the drug type and quantity attributable to him. Id.

22        At sentencing, this court heard Petitioner's counsel's

23   objections as to the credibility of Irizarry, and expressed our view

24   that the jury should have believed his testimony. Cr. Case No. 00-

Civil No. 06-1163 (JAF)                                          -10-

1    048, Docket Document No. 905, pg. 8. Nevertheless, this court agreed

2    with Petitioner and declined to reapply the murder cross-reference.

3    Id. at 15. Petitioner's counsel next objected to the court's finding

4    that a preponderance of evidence showed that Petitioner could be

5    attributed with 15 kilos of cocaine insofar as that reliance was

6    based on the testimony of Pietri. Id. at 19. This court considered

7    Petitioner's argument, but ultimately found that the trial record

8    showed that a finding of 15 kilos of cocaine was a very conservative

9    estimate. Id. at 21.

10       As required, this court made independent assessments of the

11   evidence presented at trial, and issued rulings from the bench

12   regarding Petitioner's disputes with the submitted PSI report. Id.

13   at 15-29. Petitioner's claim that he was denied his right to due

14   process by being sentenced upon false or incorrect information is

15   contravened by the record of the resentencing proceedings, and must

16   therefore be rejected.

17   **C.   Ineffective Assistance of Counsel**

18       Petitioner's final claim is that he suffered from ineffective

19   assistance of counsel at the appellate level as his attorneys failed

20   to raise the arguments that compose his § 2255 claim. Docket

21   Document No. 1.

22       In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme

23   Court provided the applicable bipartite standard of review for

24   ineffective assistance of counsel claims. Strickland states that:

Civil No. 06-1163 (JAF)                                              -11-

1          A convicted defendant making a claim of ineffective
2          assistance of counsel must identify the acts or
3          omissions of counsel that are alleged not to have been
4          the result of reasonable professional judgment.  The
5          court must then determine whether, in light of all the
6          circumstances, the identified acts or omissions were
7          outside the wide range of professionally competent
8          assistance.

9  466 U.S. at 690.  Once a petitioner identifies his counsel's

10 unprofessional acts or omissions, he must then show that such acts or

11 omissions prejudiced him. Id. at 692. Specifically, petitioner must

12 show that "there is a reasonable probability that, but for counsel's

13 unprofessional error, the result of the proceedings would have been

14 different." Id. at 694.  Petitioner has the same constitutional

15 right to effective assistance of counsel at the appellate level as he

16 is entitled to at trial. Evitts v. Lucey, 469 U.S. 387, 399 (1985)

17 "Appellate counsel who files a merits brief need not (and should

18 not) raise every nonfrivolous claim, but rather may select from among

19 them in order to maximize the likelihood of success on appeal." Smith

20 v. Robbins, 528 U.S. 259, 288 (2000) (citing Jones v. Barnes, 463

21 U.S. 745 (1983)). While it is possible to bring a Strickland claim

22 based on counsel's failure to raise a particular claim, the Supreme

23 Court has indicated that satisfying the first part of the Strickland

24 test requires a showing that the ignored issues were "clearly

25 stronger than issues that counsel did present." Campbell v. United

26 States, 108 Fed. Appx. 1, 3 (1st Cir. 2004) (citing Robbins, 528 U.S.

27 at 288).

1      Even if we were to assume arguendo that Petitioner's claim did

2    satisfy the first prong of the Strickland test, that counsel's

3    performance fell below an objective standard of reasonableness, we

4    cannot see how Petitioner could satisfy the second prong of

5    Strickland, which requires Petitioner to show that he was prejudiced

6    by counsel's alleged errors.

7      The First Circuit, regardless of whether Petitioner's counsel

8    raised such arguments, did in fact consider the validity of this

9    court's factual findings as to drug type, quantity, and leadership

10   role, ultimately holding that such findings were adequately supported

11   by the evidence on the record.  Perez-Ruiz II, 421 F.3d at 15-17.

12   Although the appellate court did not consider the validity of the two

13   point sentencing enhancement applied due to firearm possession, as we

14   note earlier, there is a preponderance of evidence in the record to

15   support such a finding.  See supra III.B.  As the claims that

16   Petitioner's attorney allegedly failed to raise have been rejected on

17   the merits, we do not believe that there is a reasonable probability

18   that the result of the sentencing or its appeal would have been

19   different had such arguments been presented.  See e.g. Mathison v.

20   Cunningham, 2001 DNH 85 (D.N.H. 2001) ("To establish prejudice, the

21   petitioner must demonstrate that there is a reasonable probability

22   that the result of the proceedings would have been different had he[]

23   received competent representation.").  As a result, we dismiss

24   Petitioner's ineffective assistance of counsel claims.

Civil No. 06-1163 (JAF)                                              -13-

1                                    **IV.**

2                                **Conclusion**

3         In accordance with the foregoing, we **DENY** Petitioner's motion

4    for a writ of habeas corpus.  Pursuant to Rule 4(b) of the Rules

5    Governing § 2255 Proceedings, summary dismissal is in order because

6    it plainly appears from the record that Petitioner is not entitled to

7    § 2255 relief in this court.

8         **IT IS SO ORDERED.**

9         San Juan, Puerto Rico, this 19th day of July, 2006.

10                                  S/José Antonio Fusté
11                                  JOSE ANTONIO FUSTE
12                                  Chief U. S. District Judge